IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAVODRICK GORDON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MID-SOUTH SUPPORTIVE LIVING, LLC, )<br>)<br>Defendant. ) | No. 2:20-cv-02667-TLP-cgc<br><br>JURY DEMAND |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Plaintiff Javodrick Gordon moves for default judgment against Defendant Mid-South Supportive Living, LLC. (ECF No. 33.) And for the reasons below, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

Plaintiff sues under the Fair Labor Standards Act ("FLSA") claiming that Defendant, his former employer, failed to compensate him for all the hours he worked. (ECF No. 1.) Specifically, Defendant employed Plaintiff from 2016 to August 2020, to provide in-home care to disabled individuals. (*Id.*) And Plaintiff claims that "[f]rom January to August, 2020, management for Defendant routinely arbitrarily and capriciously deducted time from [Plaintiff's] compensation, stating that he was not reporting for work, without any factual basis." (*Id.*) Plaintiff claims that his supervisor would drive by the home at which Plaintiff was assigned, and if she did not see his car, she would dock his pay without confirming whether he was at the job site. (*Id.*) Plaintiff requests money damages for unpaid wages, and costs and expenses. (*Id.*)

Defendant, however, failed to respond to these allegations. And so, Plaintiff moved for entry of default (ECF No. 31), which the Clerk of Court entered. (ECF No. 32.) And Plaintiff now moves for default judgment.[1] (ECF No. 33.)

## LEGAL STANDARDS

Fed. R. Civ. P. 55 governs the entry of default judgments. That rule says that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). And when the plaintiff's claims are for an uncertain sum, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b).

After the Clerk has already entered a default against a defendant, the Court can accept as true the well-pleaded allegations in the complaint to establish liability, except for those that relate to the amount of damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Thus, the Court should also assess "the propriety and amount of the default judgment" when the damages sought are not for a specific sum. *See id.* (citing Fed. R. Civ. P. 55(b)). And under Rule 55, the Court may hold an evidentiary hearing to determine the appropriate amount of damages. Fed. R. Civ. P. 55(b)(2).

## ANALYSIS

Plaintiff here hired a process server, who personally served summons and the complaint on Anthony Ricks, the Operations Director of Defendant Mid-South Supportive Living, LLC. (ECF No. 30.) This method of service comports with Federal Rule of Civil Procedure

---

[1] The Court notes that this is Plaintiff's third motion for default judgment. After Plaintiff's first two motions, the Court expressed concerns about whether Plaintiff properly effected service. (*See* ECF Nos. 20 & 27.)

4(h)(1)(B), which states that service may be accomplished by "delivering a copy of the summons and of the complaint to an officer [or] a managing or general agent."

Yet Defendant has failed to answer or appear. Plaintiff attaches a Declaration from Plaintiff's attorney Philip Oliphant, explaining Plaintiff's efforts to serve Defendant and explaining that the deadline for responding to the complaint has expired. (ECF No. 31-1.) Plaintiff has properly shown that Defendant has defaulted.

What is more, Plaintiff has pleaded that Defendant failed to properly compensate him as required by the FLSA. (ECF No. 1.) And because Defendant has defaulted, the Court deems Plaintiff's allegations under the FLSA to be true. *Zinganything, LLC v. Tmart UK Ltd.*, No. 5:14-cv-629, 2016 WL 362359, at *4 (N.D. Ohio Jan. 29, 2016); *see Antoine*, 66 F.3d at 110.

Upon review of the record, the Court finds that default judgment is appropriate here. Defendant failed to respond to the complaint, the application for entry of default, and the motion for default judgment. For these reasons, the Court **GRANTS** Plaintiff's motion for default judgment.

As for damages, the Court will set an evidentiary hearing to determine the amount of damages to which Plaintiff is entitled.

**SO ORDERED**, this 9th day of August, 2021.

                                           s/Thomas L. Parker
                                           THOMAS L. PARKER
                                           UNITED STATES DISTRICT JUDGE